GEORGE A. RILEY (S.B. #118304)  griley@omm.com
LUANN L. SIMMONS (S.B. #203526)  lsimmons@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:   (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Plaintiff
Apple Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>GUARDIAN MEDIA TECHNOLOGIES, LTD.,<br><br>            Defendant. | Case No.  C09-02705 MEJ<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Apple Inc. ("Apple") brings this action for declaratory judgment against Defendant Guardian Media Technologies, Ltd. ("Guardian") and alleges as follows:

**PARTIES**

1. Apple is a corporation organized and existing under the laws of the State of California and has its principal place of business in Cupertino, California. Apple is engaged in the business of designing, developing, manufacturing and selling computers, software, portable music and video players, mobile phones, and related services.

2. Apple is informed and believes that defendant Guardian is a Texas limited partnership with a mailing address at 3801 N. Capital of Texas Highway, E240-303, Austin, Texas 78746. Guardian may be served via its registered agent for service of process, CT

COMPLAINT FOR DECLARATORY JUDGMENT

1 | Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

## JURISDICTIONAL STATEMENT

### Jurisdiction

3. This is a declaratory judgment action for patent non-infringement arising under the patent laws of the United States, Title 35, United States Code, Section 100 *et seq*. This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

4. An actual, substantial and continuing justiciable controversy exists between Apple and Guardian based on Guardian having previously filed a complaint for patent infringement against Apple and other defendants in the action titled *Guardian Media Technologies, Ltd. v. Coby Electronics, Corp., et al.*, United States District Court for the Central District of California, Case No. CV-08-8439 R (RCx) (the "Coby Action"). In the Coby Action, Guardian alleged that Apple infringed U.S. Patent Nos. 4,930,158 (the "'158 Patent") and 4,930,160 (the "'160 Patent"). On June 15, 2009, at the hearing on an Order to Show Cause as to why Guardian should not be required to file separate lawsuits as to each individual, unrelated defendant, Judge Manuel Real dismissed without prejudice Guardian's complaint against all defendants who had not yet answered, including Apple.

5. Judge Manuel Real dismissed without prejudice Guardian's complaint against Apple. Apple requires a declaration by this Court of its rights with respect to Guardian's allegations that Apple infringed the '158 and '160 Patents. A copy of the '158 Patent is attached hereto as Exhibit A, and a copy of the '160 Patent is attached hereto as Exhibit B.

6. This Court has personal jurisdiction over Guardian based on Guardian's presence in California and continuous and systematic contacts with California. On information and belief, Guardian has been pursuing licensing activities and enforcement activities in California and, specifically, in the Northern District of California, since at least 2003, when Guardian acquired the '158 and '160 Patents. This Court also has jurisdiction over Guardian because Guardian has submitted to the personal jurisdiction of California courts by filing multiple lawsuits in the Central and Southern Districts of California, including the Coby Action against Apple and the

COMPLAINT FOR DECLARATORY JUDGMENT

following actions currently pending in these courts: *Guardian Media Technologies Ltd. v. Toshiba America Consumer Prods., LLC*, United States District Court for the Central District of California, Case No. 09-cv-52-R; *Guardian Media Technologies Ltd. v. Philips Elec. North America Corp. et al.*, United States District Court for the Southern District of California, Case No. 08-cv-1859-IEG.

**Venue**

7. Venue is proper within this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

**Intradistrict Assignment**

8. This action arises in Santa Clara County because a substantial part of the events giving rise to the claim occurred in Santa Clara County. Pursuant to Civil Local Rule 3-2, the action is properly assigned to the San Jose Division of the Northern District of California.

**FIRST CLAIM FOR RELIEF**

**(Declaration of Non-Infringement of the '158 Patent)**

9. Apple repeats and re-alleges each and every allegation of paragraphs 1 through 7 above, and incorporates them by reference as if fully set forth herein.

10. Based on information and belief, Guardian claims to be the owner of all right, title and interest in the '158 Patent, including the right to enforce the '158 Patent against alleged infringers.

11. Guardian previously filed a complaint in the Coby Action against Apple alleging that Apple directly infringed and/or induced infringement and/or contributed to the infringement of one or more claims of the '158 Patent and that such alleged infringement was willful.

12. Apple has not directly infringed, induced infringement, or contributed to the infringement of any valid claims of the '158 Patent.

13. An actual case or controversy exists between Apple and Guardian based on Guardian's previously-filed complaint against Apple alleging that Apple infringed the '158 Patent.

14. Apple has been injured and damaged by Guardian's accusations of infringement.

15. Declaratory relief is appropriate and necessary to establish that Apple has not directly or indirectly infringed any valid claim of the '158 Patent.

16. Pursuant to 28 U.S.C. §§ 2201, et seq., Apple requests a declaratory judgment that Apple does not infringe any valid claim of the '158 Patent.

## SECOND CLAIM FOR RELIEF

### (Declaration of Non-Infringement of the '160 Patent)

17. Apple repeats and re-alleges each and every allegation of paragraphs 1 through 7 above, and incorporates them by reference as if fully set forth herein.

18. Based on information and belief, Guardian claims to be the owner of all right, title and interest in the '160 Patent, including the right to enforce the '160 Patent against alleged infringers.

19. Guardian previously filed a complaint in the Coby Action against Apple alleging that Apple directly infringed and/or induced infringement and/or contributed to the infringement of one or more claims of the '160 Patent and that such alleged infringement was willful.

20. Apple has not directly infringed, induced infringement, or contributed to the infringement of any valid claims of the '160 Patent.

21. An actual case or controversy exists between Apple and Guardian based on Guardian's previously-filed complaint against Apple alleging that Apple infringed the '160 Patent.

22. Apple has been injured and damaged by Guardian's accusations of infringement.

23. Declaratory relief is appropriate and necessary to establish that Apple has not directly or indirectly infringed any valid claim of the '160 Patent.

24. Pursuant to 28 U.S.C. §§ 2201, et seq., Apple requests a declaratory judgment that Apple does not infringe any valid claim of the '160 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Apple hereby requests that this Court:

(a) Render judgment declaring that Apple has not infringed, and is not infringing, any valid claim of the '158 Patent, either directly or indirectly, and either literally or under the

1 doctrine of equivalents;

2     (b) Render judgment declaring that Apple has not infringed, and is not infringing, any valid claim of the '160 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents;

    (c) Award Apple its fees and costs, including attorney's fees, pursuant to 35 U.S.C. § 285; and

    (d) Award Apple such other and further relief as the Court deems proper.

Dated: June 17, 2009

GEORGE A. RILEY
LUANN L. SIMMONS
O'MELVENY & MYERS LLP


By: */s/ Luann L. Simmons*
    Luann L. Simmons
Attorneys for Plaintiff
Apple Inc.

- 5 -

COMPLAINT FOR DECLARATORY JUDGMENT

**JURY DEMAND**

Apple respectfully requests a jury trial on all issues triable thereby.

Dated: June 17, 2009

GEORGE A. RILEY
LUANN L. SIMMONS
O'MELVENY & MYERS LLP


By: _____
     Luann L. Simmons
Attorneys for Plaintiff
Apple Inc.

SF1:768751.3